**SO ORDERED.**

**SIGNED this 26 day of February, 2009.**



_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE

_____

OPINION DESIGNATED FOR ON - LINE PUBLICATION
BUT NOT PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JULIE A. WEINMANN, | ) | Case No. 07-10400 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| LINDA S. PARKS, Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Adversary No. 08-5090 |
| | ) | |
| JEFFREY B. ARKEBAUER, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

Linda Parks, the chapter 7 trustee seeks to avoid an alleged preferential transfer of $3,000

-1-

by debtor to the defendant for the purchase of a vehicle. Scott Hill appears for the trustee. Defendant Jeffrey Arkebauer appears *pro se.* The matter proceeded to trial on February 17, 2009.

The Court made its findings of fact and conclusions of law orally, at the close of the evidence. Those oral findings and conclusions are incorporated herein by reference. The Court makes further findings and conclusions based upon the evidentiary record to address defendant's contention that he held a valid security interest in the subject vehicle and therefore, the transfer was not subject to avoidance by the trustee.

Factual Background

Debtor filed her chapter 7 petition on March 5, 2007.

Defendant's daughter was killed in an automobile accident in Scott City, Kansas. Defendant received funds contributed in his daughter's memory. To honor his daughter's memory, defendant used this memorial money to extend loans to help people in need. The debtor was the beneficiary of defendant's generosity. Debtor's husband had left her, leaving her to raise four children and no vehicle for transportation.

Defendant and debtor entered into a pre-petition oral agreement whereby defendant furnished a vehicle (a 2000 Chevy Lumina) to debtor and debtor agreed to repay defendant for the car when and as she was able, without interest. No repayment schedule was established. No promissory note was executed. Nor was a security agreement executed granting defendant a lien in the vehicle. According to defendant, debtor contacted him sometime in early 2007 and advised that she would use her tax refund to repay defendant for the car. Defendant agreed to accept $3,000 in full payment of the car debt. Debtor paid the $3,000 on or about February 16, 2007. Defendant executed a lien release on the vehicle on or about June 15, 2007. No title and registration receipt for the Lumina,

-2-

showing debtor as the owner and noting defendant's alleged lien thereon, was offered or received into evidence. The trustee filed this preference avoidance action on April 9, 2008.

Analysis

Paragraph 5 of the trustee's complaint alleged:

> The debtor was indebted to the defendant prior to filing the pending matter in the amount of $3,000.00. On or about February 16, 2007, within 90 days prior to filing this action, the debtor paid the defendant the amount of $3,000.00. The payment was received by the defendant within the 90 day preference period preceding the filing of debtor's bankruptcy.

The defendant admitted each of these allegations in his answer. The trustee established each of the elements of a preference under § 547(b), including that defendant received more than he would have in a chapter 7 liquidation given the number and amount of unsecured claims scheduled in this case and the small amount of estate assets.[1]

Defendant's defense to the preferential transfer came down to his contention that he held a lien in the vehicle. As noted in the recitation of facts, no security agreement was introduced into evidence and defendant conceded that no such agreement or document existed. No title and registration receipt showing debtor as owner of the Lumina and noting defendant's lien on the face of the title was produced. The only reference to defendant's lienholder status was contained on the dealer's re-assignment on the back of the certificate of title held by the dealer.[2] However, there is no granting language in this section of the title. Moreover, debtor's signature here is simply an acknowledgment of the mileage on the vehicle being purchased. KAN. STAT. ANN. § 8-135(c)(2) provides for an assignment provision on the reverse of the title, but only provides that the

---

[1] *See* Trustee's Interim Report, Dkt. 28, Case No. 07-10400.

[2] *See* Exhibit attached to Answer, Dkt. 8.

-3-

assignment shall contain a list of all the liens, and not the means by which a lien or security interest is granted. KAN. STAT. ANN. § 84-9-203 makes clear that an authenticated security agreement is required in order to render the security interest enforceable.[3] Such an authenticated security agreement is lacking here. Given the record before this Court, it cannot find that defendant had an enforceable security interest in the 2000 Chevy Lumina.

Accordingly, the Court must conclude that debtor's transfer of $3,000 to defendant was preferential and subject to avoidance and recovery by the trustee. Judgment should therefore be entered in favor of the trustee on her complaint in the amount of $3,000. Upon payment of the $3,000 to the trustee, defendant Arkebauer shall be allowed an unsecured claim in the amount of $3,000 against the estate pursuant to § 502(d). A Judgment on Decision shall issue.

# # #

---

[3] The only exceptions in § 84-9-203 to this requirement are for accounts and securities and are possession-based security interests.